Argued and submitted June 11, 2019, reversed and remanded July 14, 2021

DELTAWOOD COMMUNITY ASSOCIATION,
an Oregon non-profit corporation,
*Plaintiff-Appellant,*

*v.*

Kay A. WILLIFORD,
*Defendant-Respondent,*
*and*

CITY OF PORTLAND,
Bureau of Environmental Services,
a municipal agency, et al.,
*Defendants.*

Multnomah County Circuit Court
16CV36121; A167720

496 P3d 650

Marilyn E. Litzenberger, Judge.

Ryan D. Harris argued the cause for appellant. Also on the briefs was Vial Fotheringham LLP.

Herbert G. Grey argued the cause and filed the brief for respondent.

Before DeHoog, Presiding Judge, and Aoyagi, Judge, and Hadlock, Judge pro tempore.

PER CURIAM

Reversed and remanded.

## PER CURIAM

In this action for foreclosure of a homeowners' association (HOA) lien, plaintiff Deltawood Community Association (Deltawood) seeks reversal of a general judgment that is based on the trial court's grant of partial summary judgment to defendant Williford. Having reviewed the briefing, the record, and the pertinent legal authorities, we reverse.

The trial court granted partial summary judgment to defendant on the ground that Deltawood is not the real party in interest. In its first assignment of error, Deltawood contends that was error for several reasons, including that it (Deltawood) had a recorded lien on defendant's property that it was authorized by statute to foreclose. Deltawood acknowledges that the homeowners' association for the community in which defendant owns property was initially called the Snoozy's Hollow Property Owners Association, in its 1979 articles of incorporation, its declaration of restrictions and covenants (the declaration), and its bylaws. However, it points to evidence showing that the articles of incorporation were amended in 1994 to change the name of the corporation from Snoozy's Hollow Property Owners Association to Deltawood Community Association. Deltawood contends that that amendment was effective because the number of votes cast satisfied the requirements for such amendments set out in ORS 65.437, governing nonprofit corporations. Deltawood argues on appeal that those facts were sufficient to defeat defendant's contention that Deltawood is not the real party in interest.

In response, defendant contends that any purported amendment of the articles of incorporation was ineffective because (as is undisputed) the 1979 declaration and bylaws were never properly amended to change the HOA's name to Deltawood Community Association. Defendant points to provisions of the declaration that require a greater number of homeowners (greater than the number of votes cast in 1994) to amend the declaration. Relying on ORS 65.959(2)(b), which states that the "declaration, bylaws and other recorded governing documents of a planned community" control when they conflict with the provisions of ORS chapter 65, defendant contends that the articles of incorporation could

not effectively be changed without the greater number of votes (as set out in the declaration) being cast in favor of that change.[1] Defendant concludes that Deltawood "is not properly incorporated," is "unrelated to the Snoozy's Hollow POA," and, therefore, it is not the real party in interest.

We agree with Deltawood that the trial court erred when it granted defendant's motion for partial summary judgment. On this record, no conflict exists between the provisions of ORS chapter 65 regarding the requirements for amending articles of incorporation and the provisions of the 1979 declaration and bylaws governing amendment of those documents. Therefore, viewing the record associated with defendant's motion for partial summary judgment in the light most favorable to Deltawood, the articles of incorporation were properly amended in 1994 to change the name of the HOA—as a corporate entity—to Deltawood Community Association. Accordingly, and given the remaining circumstances that are present in this case, we agree with Deltawood that the trial court erred in granting defendant's motion for partial summary judgment on the ground that Deltawood was not the real party in interest. It follows that the court also erred when it entered a general judgment for defendant on that basis.

As the trial court expressly noted in the general judgment, it did not resolve other issues that were presented in the parties' cross-motions for summary judgment. Our opinion likewise expresses no opinion on any issue except the "real party in interest" question. Any remaining issues, including those related to additional affirmative defenses that defendant included in her second amended answer, will need to be addressed, as appropriate, on remand.[2]

Reversed and remanded.

---

[1] The trial court did not address whether the articles of incorporation had been properly amended. The court explained that it need not resolve that question, given its ruling that the declaration and bylaws were never amended to change the HOA's name to Deltawood. The ruling was the basis for the court's decision that the real party in interest is Snoozy's Hollow Property Owner's Association.

[2] Our resolution of the first assignment of error on appeal means that we need not address the second assignment of error, in which Deltawood contends that the trial court erred by denying its motion for leave to amend the complaint to substitute Snoozy's Hollow Property Owners Association as the real party in interest.